IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00185-RPM

LARRY MORGAN,

    Plaintiff,

vs.

CITY OF COLORADO SPRINGS,

    Defendant.

## PROTECTIVE ORDER

This matter comes before the Court on the parties' Stipulated Motion for Protective Order. The Court has reviewed that Motion. The Motion is meritorious and acceptable. Therefore, IT IS ORDERED:

1. This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

2. As used in this Protective Order, "document" is defined as provided in Fed. R. Civ. P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

3. Information designated "CONFIDENTIAL" shall be information that is confidential and implicates common law and statutory privacy interests such as, but not limited to: personnel and/or payroll records of current or former employees of Defendant the City of Colorado Springs; personal, medical, financial information, or other information implicating privacy interests; trade secret or other confidential research, development, or commercial information entitled to protection under Fed. R. Civ. P. 26(c)(1)(G); or operations or business information implicating public safety not generally known to the public. CONFIDENTIAL information shall not be disclosed or used for any purpose except the preparation and trial of this case.

4. Any information to be designated by a Party as CONFIDENTIAL must first be reviewed by a lawyer and be determined to be subject to protection as confidential under the terms of this Protective Order, as described in paragraph 3, above, before being marked CONFIDENTIAL. The Party designating the information as CONFIDENTIAL shall prepare a log identifying by Bates Number each document designated as CONFIDENTIAL and stating by Bates Number the following: (a) the specific basis or bases relied on by the Party for designating the information CONFIDENTIAL; and (b) legal authority, if any, supporting the claim of confidentiality. The required "confidentiality log" shall accompany the production of any information designated CONFIDENTIAL.

5. "FOR ATTORNEY EYES ONLY" shall be information that includes employee or officer-identifying information.

6. CONFIDENTIAL and FOR ATTORNEYS EYES ONLY documents,

materials, and/or information shall be used solely for the purpose of this action, and shall not, without the consent of the party producing it, or further Order of the Court, be used, transferred, disclosed or communicated in any way, except that CONFIDENTIAL information may be disclosed to:

    (a)    attorneys actively working on this case;

    (b)    persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

    (c)    the parties, including designated representatives;

    (d)    expert witnesses and consultants retained in connection with this proceeding, their employees or agents assisting them, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

    (e)    the Court and its employees ("Court Personnel");

    (f)    stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

    (g)    deponents, witnesses, or potential witnesses; and

    (h)    other persons by written agreement of the parties.

    7.    "FOR ATTORNEY EYES ONLY" information may be disclosed only to any persons that fall within categories (a), (b),(d) (e), (f) and (h), above.

    8.    Prior to disclosing any CONFIDENTIAL or FOR ATTORNEY EYES ONLY information to any person listed above (other than counsel, persons employed by counsel, Court Personnel and stenographic reporters), counsel shall provide such person with a

3

copy of this Protective Order and obtain from such person an executed "Written Assurance" in the form attached hereto as Exhibit A. All such written assurances shall be retained by counsel and shall be subject to *in camera* review by the Court if good cause for review is demonstrated by opposing counsel.

9. Documents are designated as CONFIDENTIAL or FOR ATTORNEY EYES ONLY by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL" or "FOR ATTORNEY EYES ONLY."

10. In the event Electronically Stored Information ("ESI") is disclosed or discovered in the course of this litigation, including, but not limited to, ESI provided in a native format on hard disks or other magnetic data storage disks, removable disks and/or drives, portions thereof, or digital images of data storage disks or drives, such information may be designated as CONFIDENTIAL or FOR ATTORNEY EYES ONLY in a written communication or in an electronic mail message to the non-producing party.

11. Any party who inadvertently fails to identify documents or information as CONFIDENTIAL or FOR ATTORNEY EYES ONLY shall, promptly upon discovery of its oversight, provide written notice of the error and substitute appropriately-designated documents. Any party receiving such improperly-designated documents shall promptly retrieve such documents from persons not entitled to receive those documents and, upon receipt of the substitute documents, shall return or destroy the improperly- designated documents.

12. Any party who inadvertently discloses documents that are privileged or

otherwise immune from discovery shall, promptly upon discovery of such inadvertent disclosure, so advise the receiving party and request that the documents be returned. The receiving party shall return such inadvertently produced documents, including all copies and copies the receiving party provided to any other individual or entity, within 14 calendar days of receiving such a written request.

13.   Any request to restrict access must comply with the requirements of D.C.COLO.LCivR 7.2. Prior to disclosure at trial or a hearing regarding CONFIDENTIAL or FOR ATTORNEY EYES ONLY information, the parties may seek further protections against public disclosure from the Court.

14.   Whenever a deposition involves the disclosure of CONFIDENTIAL information or information FOR ATTORNEY EYES ONLY, the portions thereof that involve the disclosure of CONFIDENTIAL or FOR ATTORNEY EYES ONLY information shall be designated as CONFIDENTIAL or FOR ATTORNEY EYES ONLY and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL or FOR ATTORNEY EYES ONLY after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript. Transcript pages containing CONFIDENTIAL information or information FOR ATTORNEY EYES ONLY must be separately bound by the court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL" or "FOR ATTORNEY EYES ONLY," as instructed by the party or non-party offering or sponsoring the witness or presenting the

testimony.

15. A party may object to the designation of particular CONFIDENTIAL information or information FOR ATTORNEY EYES ONLY by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. The parties will work to resolve any objections to the designations of disputed information. If any objection is not resolved within ten (10) business days after the time the notice is received, the party designating the information as CONFIDENTIAL or FOR ATTORNEY EYES ONLY shall, on the eleventh business day after receipt of the notice of objections, be required to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. The disputed information shall be treated as CONFIDENTIAL or FOR ATTORNEY EYES ONLY under the terms of this Protective Order until the Court rules on the dispute. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL or FOR ATTORNEY EYES ONLY shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL or FOR ATTORNEY EYES ONLY under the terms of this Protective Order.

16. Within sixty (60) days of the conclusion of this case, unless other arrangements are agreed upon, each document and all copies thereof which are confidential as described in paragraph 1 shall be destroyed or returned to the party that produced it.

17. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

ORDERED this 22nd day of December, 2015.

BY THE COURT:

_____
Honorable Judge Richard P. Matsch

## EXHIBIT A

## WRITTEN ASSURANCE

I,_____, declare: (printed name). I reside at_____. (street address, city, state, and zip code). I am currently employed by_____, located at _____, and my current job title is__ _____.

I have read and I understand the terms of the Protective Order filed in Civil Action No. 15-cv-00185 RPM, *Larry Morgan v. City of Colorado Springs,* pending in the United States District Court for the District of Colorado (the "Protective Order"). I agree to comply with and be bound by the provisions of the Protective Order. I understand that any violation of the Protective Order may subject me to sanctions by the Court.

I shall not divulge any documents, or copies of documents, designated "CONFIDENTIAL" or "FOR ATTORNEY EYES ONLY" pursuant to the Protective Order or the contents of such documents, to any person other than those specifically authorized by the Protective Order. I shall not copy or use such documents except for the purposes of this action and pursuant to the terms of the Protective Order.

As soon as practical, but no later than 30 days after final termination of this action, I shall return to the attorney from whom I have received them, any documents in my possession designated "CONFIDENTIAL" or "FOR ATTORNEY EYES ONLY" and all copies, excerpts, summaries, notes, digests, abstracts, and indices relating to such documents.

I submit myself to the jurisdiction of the United States District Court for the District of Colorado for the purpose of enforcing or otherwise providing relief relating to the Protective Order.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: _____    _____
                         (Date)                                      (Signature)

Approved as to form:

| CORNISH & DELL'OLIO, P.C. | WYNETTA P. MASSEY, CITY ATTORNEY<br>CITY OF COLORADO SPRINGS |
|---|---|
| *s/Ian Kalmanowitz – approved via email*<br>Ian D. Kalmanowitz<br>431 N. Cascade Ave., Ste. 1<br>Colorado Springs, CO 80903<br>Telephone: (719) 475-1204<br>Facsimile (719) 475-1264<br>ikalmanowitz@cornishanddellolio.com<br>**Attorneys for Plaintiff** | *s/Christie McCall*<br>Christie McCall, Senior Attorney-Employment<br>Tracy Lessig, Division Chief-Employment<br>P.O. Box 1575, Mail Code 510<br>Colorado Springs, CO 80901-1575<br>Telephone: (719) 385-5909<br>Facsimile: (719) 385-5535<br>cmccall@springsgov.com<br>tlessig@springsgov.com<br>**Attorneys for Defendant** |